## UNITED STATES

### v.

## Timothy O'LEARY and Darryl Bazner.

### Appeal of Timothy O'LEARY.

### No. 84–3050.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 10, 1984.

Decided July 19, 1984.

Rehearing and Rehearing En Banc Denied Aug. 30, 1984.

Stanley W. Greenfield, Greenfield & Murtagh, Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Before HIGGINBOTHAM and SLOVI-TER, Circuit Judges, and GREEN, District Judge.*

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

Appellant Timothy O'Leary, who was convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, contends that the trial court erred in allowing his co-conspirator to testify to numerous earlier transactions of purchases of cocaine from O'Leary. We find no error, and will affirm the judgment of conviction.

### I.

An undercover agent of the Allegheny County Police Department made five purchases of cocaine from Darryl Bazner between June 2, 1983 and August 4, 1983. Bazner was arrested on September 9, 1983, agreed to cooperate with the authorities, and identified O'Leary, then a police officer for the Borough of Baldwin, near Pittsburgh, Pennsylvania, as his source. Bazner made two recorded telephone calls to O'Leary on September 9 and 15 during which O'Leary made no statements directly tying him to the drug transactions but stated "they ain't got nothing on me," "I think we all got in over our heads," and "you better not tell them anything about me." App. at 23B, 32B, 29B. O'Leary was arrested on September 19, 1983, and police found $870 in cash in the house and 7 grams of hashish, ½ gram of cocaine, and some drug-related paraphernalia in the car.

■ O'Leary was charged with conspiracy to distribute cocaine beginning on or about June 1, 1983 until approximately September 15, 1983. He also was charged with five substantive counts of possession with intent to distribute and distribution, but was acquitted by the jury on these counts. At trial, Bazner testified, over objection, as follows:

Q. During the last couple of years, what has been the nature of your contact with Timothy O'Leary?

What would you ordinarily see him for?

A. The purchase of some drugs.

Q. What ordinarily would it be?

A. Cocaine.

Q. Darryl, when did the purchases of cocaine from Timothy O'Leary begin?

A. About a year ago.

Q. And during the period from a year ago when that began until the time you were arrested, approximately how many times had you bought cocaine from Timothy O'Leary?

A. About 20 times.

App. at 12A. O'Leary contends this testimony constituted inadmissible evidence of other crimes. The standard by which we review a trial judge's decision to admit evidence of uncharged offenses is abuse of discretion. *United States v. Lebovitz*, 669 F.2d 894, 901 (3d Cir.), *cert. denied*, 456 U.S. 929, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982); *United States v. Long*, 574 F.2d 761, 767 (3d Cir.), *cert. denied*, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978).

### II.

■ Rule 404(b) of the Federal Rules of Evidence provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The government contends that the challenged evidence was needed to "show the background of the charges, the parties' familiarity with one another, and their concert of action." Brief of Appellee at 10. These constitute permissible purposes for admission of such testimony under Rule

* Hon. Clifford Scott Green, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

404(b). In *United States v. Lebovitz,* 669 F.2d at 902, we upheld the trial judge's admission of previous criminal accusations against the defendant when they were similar to the crimes accused and proximate to them in time.

 Notwithstanding the admissibility of the evidence, the trial court must also consider its prejudice. Under Rule 403 of the Federal Rules of Evidence,

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ... or needless presentation of cumulative evidence.

Here, the trial judge made the balancing in her ruling explicit, stating:

> I think that there is no question in my mind that the evidence is relevant, that it is probative, and I think that the substantial relevance test here really outweighs the prejudicial value.

We cannot hold the trial judge abused her discretion.

Furthermore, in her charge to the jury, Judge Mansmann reminded the jury that O'Leary was not charged with the prior acts, and cautioned the jury to use the prior acts only to show "the identity of the defendant, his knowledge, and possibly a plan or a scheme devised." App. at 19B. In clearly explaining to the jury the narrow way in which to use the evidence, the trial court lessened any possibility of prejudice.

For the foregoing reasons, we will affirm the judgment of conviction.