NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1548
_____

UNITED STATES OF AMERICA

v.

RONALD HILLS,

Appellant

On appeal from the United States District Court
For the Eastern District of Pennsylvania

District Court No. 2-08-cr-00654-001

District Judge:  The Honorable Gene E.K. Pratter

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 8, 2012

Before:  MCKEE, *Chief Judge*, SIRICA and AMBRO, *Circuit Judges*

(Filed:  July 18, 2012)

_____

OPINION

McKEE, *Chief Judge.*

Ronald Hills appeals the district court's judgment of conviction and sentence.  For the

reasons that follow, we affirm the judgment of conviction, vacate the sentence and remand for

resentencing consistent with this opinion.

**I.**

Since we write primarily for the parties who are familiar with the factual and procedural

background of this case, we will only briefly refer to the facts as may be helpful to clarify our

discussion. Following separate trials on severed charges, Ronald Hills was convicted of armed bank robbery in violation of 18 U.S.C. §2113(d) (Count One) and possession of a firearm in furtherance of bank robbery, in violation of 18 U.S.C. §924(c) (Count Two),[1] possession of more than five grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Three); possession of a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. §924(c) (Count Four); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g) (Count Five). Thereafter, the district court imposed a total sentence of imprisonment of 444 months—60 months on Counts One, Three and Five to run concurrently with each other; the mandatory minimum term of 84 months on Count Two; and 300 months on Count Four, to run consecutively with the other sentences.

Hills appealed, alleging that the district court abused its discretion when it: (i) admitted evidence of his prior bank "casing behavior;" (ii) denied his pre-trial motion in limine and permitted his girlfriend's testimony regarding prior drug transactions; (iii) admitted trial testimony of Hills' wife regarding Hills' arrest; (iv) denied admission of testimony that the son of Hills' wife had been arrested for selling drugs two years *after* Hills was charged; (v) failed to find the evidence insufficient to support Hills' convictions for possession of crack cocaine with the intent to distribute and possession of a firearm in furtherance of a drug trafficking crime; (vi) denied Hills' Rule 33 Motion for a new trial; (vii) failed to enforce the cooperation agreement between Hills and the government; and (viii) refused to apply the Fair Sentencing Act of 2010 during sentencing for Hills drug offense.

Having reviewed the record, we find that none of his claims has any merit.

---

[1] On January 15, 2009, a grand jury issued a superseding indictment which included the charges for Counts One and Two but also added charges for three additional offenses. On August 8, 2009, the district court granted Hills' request for severance of Counts One and Two from Counts Three, Four and Five.

## II

**A.      Admission of Prior Bad Acts[2]**

*1. Admission of Citizens Bank Video During the Trial For Bank Robbery*

Over Hills' objection, the district court admitted a Citizens Bank surveillance video under 404(b) to show Hills' identity as the man who robbed the National Penn Bank.  Hills now argues that the admission of the Citizens Bank photograph was prejudicial and needlessly cumulative evidence under Rule 403 because, during the trial, National Penn Bank customers and employees identified Hills as the man that robbed that bank.

Under Rule 404(b), "evidence of a crime, wrong, or other act is not admissible . . . in order to show that on a particular occasion the person acted in accordance with the character.  However, this evidence may be admissible for another purpose, such as proving . . . identity. . .."  Fed. R. Evid. 404(b).  "The parameters of Rule 404(b) are not set by . . . the facts the government must prove to obtain a conviction."  *U.S. v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992).

At the outset, it should be noted that Hills' argument that the admission of the Citizens Bank photograph was prejudicial is severely undercut by the fact that the photograph did not depict Hills committing a crime or engaging in wrongful or prohibited behavior.   In addition, The admission of the Citizens Bank photograph as evidence to corroborate eyewitness testimony regarding the identity of the person that robbed the bank is not impermissibly cumulative.  *See United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002) ("Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial . . ..") (internal citations omitted).

---

[2] We review the district court's decisions regarding the admission of prior bad act evidence for abuse of discretion.  *U.S. v. Daraio*, 445 F.3d 253, 259 (3d Cir. 2006).

*2. Admission of Testimony Regarding Hills' Prior Drug Transactions.*

During Hills' trial for the drug offenses, the government sought to admit testimony of

Hills' girlfriend regarding her prior involvement in Hills' crack cocaine transactions. The

evidence was admitted because it was probative of Hills' intent to distribute drugs (an element of

the Government's case in chief) and also explained how his wife could identify drug

paraphernalia seized from a dresser located in her home.

Evidence of other wrongful acts is admissible so long as items of evidence are not

introduced solely to prove criminal propensity. *United States v. Green*, 617 F.3d 233, 249 (3d

Cir. 2010) ("No other use of prior crimes or bad acts is forbidden by the rule, and one proper use

of such evidence is the need to avoid confusing the jury.") (internal citations omitted).[3]  Thus,

testimony regarding prior wrongful acts may be properly admitted if it is offered "to show the

background of the charges [and] the parties' familiarity with each other" and the government

provided notice of its intent to offer such testimony and its non-propensity purpose for which it

seeks to introduce it. *United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir. 1984); *see also*,

*Green*, 617 F.3d at 249 ("Thus, most, if not all, other crimes evidence currently admitted outside

the framework of Rule 404(b) as 'background' evidence will remain admissible under the

approach we adopt today.").

The testimony of Hills' girlfriend explained how she was able to identify certain drug

paraphernalia as belonging to Hills—ownership which he denied at trial. It also had a direct

bearing on whether Hills had knowledge and intent to possess and distribute crack cocaine. *See*

*United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003) ("Knowledge, intent, and lack of

---

[3] To b admissible under Rule 404(b), evidence of uncharged crimes or wrongs must have a proper evidentiary purpose, be relevant, satisfy Fed. R. Evid. 403 and be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it. *Green,* 617 F.3d at 249.

mistake or accident are well-established non-propensity purposes for admitting evidence of prior crimes or acts.").

However, the district court should exclude otherwise admissible evidence under Rule 403 when its probative value is substantially outweighed by the risk of unfair prejudice. *See Greene,* 617 F.3d at 249. We review admission of evidence over a Rule 403 objection for abuse of discretion. *Givan*, 320 F.3d at 461. Evidence may not be excluded simply "because its unfairly prejudicial effect is greater than its probative value." *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002).

The district court properly weighed the probative value of the testimony when it found that the testimony of Hills' girlfriend was admissible for non-propensity purposes, and that any potential for unfair prejudice did not substantially outweigh the probative value.

**B.      Failure to Grant Mistrial Based on Testimony of Hills' Wife.**

At trial, Hills' wife testified that the police came to her home to "arrest [Hills]." Hills moved for a mistrial, arguing that his wife's testimony improperly influenced the jury and was highly prejudicial because it implied that the police arrested Hills on charges other than those currently before the jury.

We review the district court's ruling for an abuse of discretion." *United States v. Riley*, 621 F.3d 312, 336 (3d Cir. 2010). The basis of Hills' objection is a single response to one question. The district court found the statement to be sufficiently imprecise to preclude any prejudice to Hills. We agree. As the district court noted, the jury obviously knew that Hills had been arrested the same day, and his wife's statement in no way suggested that his arrest was for a

different crime.[4] Hills' argument to the contrary is frivolous.

### C.      Exclusion of Evidence of Third Party Arrest

On the last day of Hills' trial for possession of cocaine with intent to distribute, he tried to have his sister testify that his wife's son had been arrested for selling crack cocaine. In the alternative, Hills sought to adjourn the trial so that his counsel could recall his wife to testify about that arrest. He argued the evidence was relevant to show that drugs that were recovered belonged to his wife's son and not him.

However, that arrest occurred nearly two years after Hills' arrest. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. We find the district did not abuse its discretion when it found that the son's arrest was too remote to be relevant to Hills' charges here. *See United States v. Steele*, 685 F.2d 793, 808 (3d Cir.), *cert. denied*, 459 U.S. 908 (1982).

### D.  Sufficiency of Evidence

In reviewing a jury verdict for sufficiency of the evidence, we consider the evidence in the light most favorable to the government. We must sustain the verdict if the evidence so viewed would allow any reasonable fact finder to convict the defendant. *United States v. Haywood*, 363 F.3d 200, 204 n. 3 (3d Cir. 2004). We do not weigh evidence or determine the credibility of witnesses, and reversal will only be granted where the failure of the prosecution is clear.

### *1. Conviction for Possession of Crack Cocaine.*

---

[4] The district court determined an instruction to the jury to disregard the comment would merely prompt jurors to "ruminate on the syntax of an offhanded statement which had in all likelihood flown under the collective radar." Hills' counsel and the Government concurred in the district court's assessment which provided another basis for the denial of Hills' motion for a mistrial.

Hills argues there was insufficient evidence to conclude that he "possessed" the crack cocaine. To support a conviction for possession with intent to distribute cocaine under 21 U.S.C. § 841, the government must prove that the Hills knowingly or intentionally . . . possessed with the intent to . . . distribute or dispense a controlled substance." *Id.*

Hills' wife testified that: (i) Hills was living at that house at the time the police searched the house; (ii) she and Hills shared the bedroom where the drugs were discovered; (iii) the bedroom door was kept locked and she and Hills were the only people with a key; (iv) Hills lived there; and (v) the crack cocaine found in her purse belonged to Hills.

The jury was also informed that when the police arrived to search the home, Hills was sitting on the front porch and the police identified mail addressed to Hills with that address. During their search of the bedroom, the police found in a dresser: (i) men's clothing that was Hills' size; (ii) a drug scale later identified as belonging to Hills; and (iii) a loaded automatic handgun and other drug packaging paraphernalia, including a large number of baggies used to package crack cocaine and razor blades glazed with remnants of cocaine residue.

This evidence is sufficient to sustain the jury's verdict. *See United States v. Davis*, 461 F.2d 1026, 1036 (3d Cir. 1972) ("A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it."). Possession is not thwarted merely because dominion or control is shared with others. *Id.* Moreover, Hills' wife testified the crack cocaine found in her purse belonged to him and the jury obviously accepted that testimony. *See United States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002) ("We follow the Supreme Court in holding that uncorroborated accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction.") (citations omitted).

Accordingly, the district court did not abuse its discretion in sustaining the jury's verdict.

### 2. *Conviction for Possession of Firearm.*[5]

The mere possession of a firearm is not enough to support a conviction under 18 U.S.C. §924(c). *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). Rather, a conviction under 18 U.S.C. §924(c) will be upheld only where possession of the firearm was in *furtherance of a drug trafficking crime*. *Id*., 371 F.3d at 853. To support Hills' conviction for this offense, there must be evidence sufficient to establish that Hills possessed the gun to advance or promote criminal activity. *See Bobb*, 471 F.3d at 496. Our inquiry includes: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id*. (quoting *Sparrow*, 371 F.3d at 853).

When viewed in the light most favorable to the government, it is clear that the evidence was sufficient to establish that Hills' possessed the gun and that the gun had the requisite nexus to Hills' illegal drug activity. *See Perez*, 280 F.3d at 344. Accordingly, the district court did not abuse its discretion when it concluded Hills' conviction was not against the weight of evidence.

### E. Post-Trial Cooperation Agreement

After Hills had been convicted in both trials, but prior to his sentencing, Hills voluntarily provided the government with information about another person's criminal activity in the hope that the government would file a motion for a downward departure on his behalf to assist him at sentencing. The government was willing to file such a motion if it was satisfied that Hills was

---

[5] Hills argues that this purported insufficiency necessarily precludes a conviction that he possessed a firearm in furtherance of a drug trafficking crime. However, the evidence was sufficient to convict Hills for drug distribution.

being completely truthful in cooperating and gave testimony against the other individual. However, the government found Hills' proffer to be less than truthful and determined that he would not be a credible witness. Moreover, immediately after Hills offered his proffer, the government learned that the other person had pled guilty and Hills' testimony was neither needed nor disclosed to the other individual. Accordingly, the government did not file a motion for a downward departure, and the district court denied Hills motion to compel a §5K1.1 motion on his behalf. Hills now appeals that ruling.

The "Supreme Court [has] outlined a narrow space for a defendant to challenge the government's refusal to file a §5K1.1 motion in the absence of a plea agreement." *United States v. Isaac*, 141 F.3d 477, 481 (3d Cir. 1998). Absent a plea agreement, we will only interfere with the government's refusal to file a substantial-assistance motion if such refusal was based on an unconstitutional motive. *Wade v. United States* 504 U.S. 181, 185 (1992); *see also Isaac*, 141 F.3d at 481. Hills' claim that he cooperated with the government does not entitle him to a remedy or even to discovery, he must make a "substantial threshold showing" of an improper motive. *Wade,* 504 U.S. at 186.

Here there was no plea agreement, and Hills does not allege an unconstitutional motive for the government's refusal to file a 5K1.1 motion. Accordingly, he is not entitled to any relief.

### F. Refusal to Apply Fair Sentencing Act of 2010

Finally, Hills argues that the district court erred when it declined to apply the Fair Sentencing Act of 2010, Pub.L. 111-120, §2, 124 Stat. 2372, (2010) ("FSA")[6] To its credit, the

---

[6] Under the provisions of the FSA, Hills' conviction for possession of crack cocaine does not carry a mandatory minimum because the total amount of crack cocaine involved is less than the twenty-eight grams required to trigger the five-year mandatory minimum. *See Dixon*, 648 F.3d at 197.

government agrees.

We exercise plenary review of the district court's refusal to apply the FSA. *United States v. Dixon*, 648 F.3d 195, 197-98 (3d Cir. 2011). In *Dixon*, we held "that the FSA requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offence conduct occurred." *Id*. at 203. Hills was sentenced on February 25, 2011. Accordingly, we will vacate the sentence that was imposed for the violation of 21 U.S.C. §841(a)(1) and remand for resentencing pursuant to the provisions of the FSA.[7]

## III.

For these reasons, we affirm Hills' convictions, vacate the district court's sentence, in part, and remand for resentencing consistent with this opinion.

---

[7] The government's concession that the district court erred in not sentencing pursuant to the provisions of the FSA is in the best tradition of that office and its obligation to act as an officer of the court, concerned with justice, not just with victory or obtaining the longest possible sentence for every defendant.