NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4572
_____

UNITED STATES OF AMERICA

v.

RONALD HILLS,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00654-001)
District Judge: Honorable Gene E.K. Pratter

_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2013

Before:  AMBRO, SMITH, and CHAGARES, Circuit Judges

(Opinion filed: December 13, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

Ronald Hills was convicted of firearms, drug, and bank robbery offenses

following bifurcated trials in 2010. He was sentenced to 444 months' imprisonment, but

on his first appeal the case was remanded for resentencing on the drug offense. *United States v. Hills*, 488 F. App'x 569 (3d Cir. 2012). On remand the District Court again sentenced Hills to the same term of imprisonment, and he now appeals that sentence.

## I. Background

The background for this case can be found in this Court's opinion in Hills' first appeal. *See Hills*, 488 F. App'x at 571-72. In brief, Hills was convicted by juries in two separate trials[1] of armed bank robbery (18 U.S.C. § 2113(d)), possession of a firearm in furtherance of that bank robbery (18 U.S.C. § 924(c)), possession of crack cocaine with intent to distribute (21 U.S.C. § 841(a)(1)), possession of a firearm in furtherance of that drug offense (18 U.S.C. § 924(c)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)). Following the trials, District Judge Pratter sentenced Hills, as noted, to 444 months' imprisonment. He appealed the sentence on several grounds, and our Court affirmed on every issue except the District Court's failure to apply the Fair Sentencing Act of 2010, Pub. L. 111-220, § 2, 124 Stat. 2372 (2010) ("FSA"), to Hills' drug offense. *Id.* at 575-76.

On that appeal we also considered and rejected Hills' argument that the District Court should have compelled the Government to file a motion, under U.S.S.G. § 5K1.1, for a downward departure in light of Hills' cooperation. We held that "Hills' claim that he cooperated with the [G]overnment [did] not entitle him to a remedy[,] or even to

---

[1] The District Court granted Hills' motion for two separate trials, one for the bank robbery charges and another for the drug charges.

discovery," because he failed to make a substantial showing that the Government's decision was based on an improper motive. *Id.* at 575 (citation omitted).

On remand for resentencing, Hills argued that, under the factors set out in 18 U.S.C. § 3553(a), the District Court should not impose any additional term of imprisonment for the drug count.[2] Among the points presented in his memorandum and at the resentencing hearing, Hills insisted that the District Court should exercise its discretion to vary from the Guidelines range for the drug offense (57-71 months' imprisonment) based on Hill's cooperation, even though, as affirmed on appeal, the Government was not compelled to file a § 5K1.1 motion. Hills asserted that he was deserving of a downward variance because he had provided helpful information to the Government, had always acted in good faith, and was the subject of abuse from other inmates because of his cooperation. In light of the abuse from fellow inmates, Hills specifically requested to be moved to a facility "as far away from Philadelphia as possible[.]" App. at 56 (Def.'s Sentencing Memo.). Despite Hills' arguments, the District Court reimposed the same 60-month sentence for the drug count, even though under the FSA the count was no longer subject to a five-year mandatory minimum sentence. Hills now appeals his sentence on procedural grounds, arguing that the District Court erred by failing to rule formally on his argument for a downward variance.

---

[2] Hills was already subject to mandatory consecutive sentences for the two firearm offenses of seven and twenty-five years' imprisonment.

3

## II. Discussion

District Courts are directed to follow a three-step process when sentencing defendants: (1) calculate the defendant's advisory Sentencing Guidelines range; (2) formally rule on any departure motions; and (3) consider the 18 U.S.C. § 3553(a) factors in imposing a sentence. *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006). Hills' sole argument before us is that the District Court erred at step three by failing meaningfully to consider his cooperation as a § 3553(a) factor. Hills did not raise an objection to the District Court's purported failure to consider his argument for a variance when his sentence was announced.[3] However, under *United States v. Sevilla*, 541 F.3d 226 (3d Cir. 2008), even when a defendant does not object to the District Court's failure to consider his § 3553(a) arguments at the time his sentence is announced, so long as he presented those arguments to the District Court during the sentencing hearing, we review for "whether the [District] Court properly exercised its discretion by giving meaningful consideration to the relevant factors." *Id.* at 228.

The Government vigorously argues that *Sevilla* should be overruled and that we should review only for plain error. Appellee's Br. at 17. We need not revisit the continuing viability of *Sevilla* in this case.[4] Even applying the more rigorous

---

[3] After announcing her intention to impose the same 444-month term of imprisonment, Judge Pratter asked "if anybody knows of any reason or legal impediment that this proposed sentence should not be imposed?" App. at 118. Counsel for Hills responded, "No, Your Honor." *Id.* at 119.

[4] Our Court recently granted the Government's petition for rehearing *en banc* in *United States v. Flores-Mejia*, a case in which the panel applied *Sevilla* and remanded based on

"meaningful consideration" standard, we affirm the District Court's sentence because we can infer from the record that the District Court meaningfully considered Hills' arguments relating to his cooperation and the abuse he claims to have suffered.

First, we know the Court reviewed Hills' sentencing memorandum laying out his arguments because Judge Pratter made multiple references to the filing during the resentencing hearing. *See* App. at 64, 98, 105. Second, the Judge held a sidebar conference in which the parties and she specifically discussed the significance of Hills' cooperation and the abuse he was experiencing in custody as a result of his cooperation. *Id.* at 63-65. Unfortunately the court reporter was unable to decipher some of the Judge's statements during that sidebar, but what is clear from the transcript is that she engaged defense counsel in a discussion about Hills' cooperation and his alleged abuse, specifically noting that the arguments were similar to those raised in Hills' earlier motion to compel a § 5K1.1 motion. *Id.* at 64. Third, and most importantly, immediately following the sidebar conference Judge Pratter stated "I believe that I'm completely familiar with the upshot of what you just . . . spoke to me about. Mr. Hills, I've read the material that's in the submission from your counsel. I believe I understand the full range of that and where you're coming from on it . . ." *Id.* at 104-105.

In announcing the sentence, Judge Pratter engaged in a long discussion of the § 3553(a) sentencing factors and how they applied to Hills, ultimately concluding that "for all the reasons I've addressed both today and in February of 2011, I find in the

the district court's failure to demonstrate meaningful consideration of the defendant's sentencing arguments. No. 12-3149, 2013 WL 3776221, at *3-4 (3d Cir. May 10, 2013).

exercise of my discretion and my acknowledgement of the law that" 444 months' imprisonment was the appropriate sentence.  App. at 118.  The District Court never explicitly stated that it was rejecting Hills' arguments for a downward variance based on his cooperation and the concomitant abuse he alleged.  We have little doubt that the reason that Judge Pratter did not specifically mention the argument when announcing the sentence was, in part, because Hills and his counsel sought to keep references to his cooperation under seal.  Nevertheless, from a review of the sentencing transcript as a whole, it is clear that the District Court "acknowledge[d] and respond[ed] to" Hills' arguments regarding his cooperation.  *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012).  Because Hills has not shown procedural error, there is no basis to remand this case for resentencing.

For the foregoing reasons, we affirm.