**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4771
_____

UNITED STATES OF AMERICA

v.

CHARLES E. JACKSON, a/k/a JAMES RUSSELL BRAME a/k/a RASOUL,

Charles E. Jackson,
                                        Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:10-cr-00388)
District Judge:  Honorable Cynthia M. Rufe

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2015

Before:  FISHER, CHAGARES, and JORDAN, <u>Circuit Judges</u>.

(Filed: September 23, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles E. Jackson appeals his conviction and sentence for various cocaine distribution offenses.  In particular, he asserts that evidence of prior drug transactions was improperly admitted under Federal Rule of Evidence 404(b), that his right to a fair trial was violated by the District Court's refusal to grant a continuance while new counsel familiarized himself with the facts of Jackson's case, and that the Government improperly offered an opinion as to his guilt in opening and closing statements.[1]  For the following reasons, we will affirm the District Court's judgment of conviction and sentence.

## I.

We write solely for the parties and therefore recite only the facts necessary to our disposition.  Jackson was indicted on June 16, 2010, for drug distribution and possession offenses — specifically, distribution of cocaine, possession of cocaine with intent to distribute, and conspiracy to distribute cocaine.  The Government also filed an information charging Jackson with two prior drug felony convictions pursuant to 21 U.S.C. § 851.

The pretrial phase of Jackson's case was extensive, and he went through several attorneys before ultimately proceeding pro se on his pretrial motions.  After numerous delays, many of them attributable to Jackson, trial was scheduled for December 4, 2012. On November 29, 2012, Jackson informed the court that he intended to retain new

---

[1] Jackson also raises two sentencing arguments to ensure they are preserved for further review, but he properly recognizes that they are foreclosed by our current precedent. Jackson Br. 47–53.

2

counsel, Harry Feinberg. The District Court, frustrated with what it regarded as extended delays caused by Jackson, informed him that trial would still begin on December 4, 2012, and that Feinberg should be ready on that date if he intended to represent Jackson.

Feinberg entered an appearance on December 4, 2012, and requested a two-week continuance, which the District Court denied, citing the lengthy delays, a potentially unavailable Government witness, and a previously scheduled trial that would have required putting off Jackson's trial for more than the requested two weeks. The District Court gave Feinberg the option of spending December 4th in the courtroom, with access to all the case materials and the assistance of Jackson's standby counsel, who was familiar with the case, with the trial to begin on December 5th. Feinberg took this option and reported to the District Court, on two occasions, that he was prepared to begin trial. Jury selection began on the afternoon of December 5th.

The Government filed a motion in limine to admit certain evidence of prior drug transactions involving Jackson and two of the Government's proposed witnesses, to which Jackson objected. The witnesses had participated with Jackson in the charged drug crimes, as well as prior drug sales, and the Government contended that their testimony was admissible to show knowledge, intent, and to explain why Jackson would have been trusted with such a large volume of cocaine. The District Court found that the evidence was admissible under 404(b) to "explain[] the relationship of the parties." Appendix ("App.") 180. The District Court issued a jury instruction both at the close of the witnesses' testimony and at the close of trial to limit consideration of the 404(b) evidence. The instruction essentially recited all proper purposes for considering the

evidence under Rule 404(b).  Upon consideration of Jackson's post-trial motions, the District Court issued a more detailed statement of its reasons for admitting the evidence, finding that the evidence was admissible to "show[] knowledge and intent to distribute significant amounts of cocaine in transactions with the same people . . . and . . . to explain the relationship among the parties to the transaction charged in the indictment."  App. 1145.

The prosecutor, in her opening and closing remarks, made statements asking the jury to "tell the defendant you are a drug dealer and you are guilty," App. 477, and stating that "[w]e are long overdue for Mr. Jackson to finally hear that he is guilty, and I am asking you to tell him."  App. 1000.  Jackson contends that these remarks constituted an improper injection of the prosecutor's personal belief about his guilt into the proceedings and that they implied a troubled history to the proceeding to which the jury was not privy.

Jackson was found guilty by the jury on all three counts on December 10, 2012.  No post-trial motions were timely filed.  Eventually, Jackson's counsel was granted leave to withdraw and he was given court-appointed counsel.  His court-appointed counsel filed a motion for a new trial based on the allegedly improperly admitted evidence under Rule 404(b), which the District Court considered and denied on the merits.  At sentencing, the parties agreed that the correct advisory Sentencing Guidelines range was calculated as 324 to 405 months of imprisonment, and the District Court ultimately sentenced Jackson to 330 months of imprisonment and ten years of supervised release.

Jackson timely appealed.

II.

4

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court's decision not to grant a continuance is reviewed for abuse of discretion. United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007). "We normally review evidentiary rulings for abuse of discretion, but we exercise plenary review over 'whether evidence falls within the scope of Rule 404(b).'" United States v. Smith, 725 F.3d 340, 344–45 (3d Cir. 2013) (quoting United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010)). Finally, we review Jackson's claim of prosecutorial misconduct for plain error, because he did not contemporaneously object to the prosecutor's remarks. See Puckett v. United States, 556 U.S. 129, 135 (2009).

## III.

First, we consider Jackson's argument that the District Court's refusal to grant a continuance amounted to a denial of his Fifth Amendment due process rights and his Sixth Amendment right to counsel. He argues that the District Court's refusal effectively nullified his choice of Feinberg as counsel and impermissibly infringed his rights to a fair trial and due process of law. The Government responds that any objection on this score was waived by Feinberg's attestations to the District Court that he was adequately prepared for trial and, even if Jackson's objection is not waived, that he fails to articulate how the lack of a continuance prejudiced his defense.[2]

---

[2] To the extent that Jackson is arguing that he was denied "a fair opportunity to obtain the assistance of counsel of his choice to prepare and conduct his defense," that "constitutional mandate is satisfied so long as the accused is afforded a fair or reasonable opportunity to obtain particular counsel, and so long as there is no arbitrary action

5

In considering a request for a continuance, the District Court should weigh "the efficient administration of criminal justice, the accused's rights, and the rights of other defendants whose trials may be delayed as a result of the continuance." Olfano, 503 F.3d at 246. Moreover, a district court abuses its discretion by denying a continuance only when its denial is "so arbitrary as to violate due process." United States v. Irizarry, 341 F.3d 273, 305 (3d Cir. 2003).

The District Court was understandably concerned about the numerous delays in bringing this case to trial, a concern that went to the efficient administration of justice. For this reason alone, the District Court's action was not arbitrary. Thus, we find that the denial was not an abuse of discretion. In any case, Jackson does not even attempt to show how his defense was impaired due to the denial of a two-week continuance. Feinberg told the District Court repeatedly that he was ready to try the case, and by all accounts did well, even earning praise from the District Court for an "amazing job." App. 1101. Jackson identifies no areas in which his counsel was unprepared or unable to competently represent him, and thus no prejudice from any possible error the District Court might have committed.

Jackson's next argument is that the District Court improperly admitted evidence of prior drug transactions under Federal Rule of Evidence 404(b). Rule 404(b) prohibits the introduction of "[e]vidence of a crime, wrong, or other act" if that evidence is to be

---

prohibiting the effective use of such counsel." United States ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3d Cir. 1969). The record shows that Jackson had ample opportunity to retain counsel of his choice, and the District Court's refusal to further postpone his trial date was not arbitrary.

used to prove a person's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

We have developed a four-part test for evaluating the introduction of evidence under Rule 404(b). Evidence is admissible if it is "(1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." United States v. Davis, 726 F.3d 434, 441 (3d Cir. 2013).[3] The burden is on the Government to show that the evidence is connected to a proper purpose, and the District Court must provide reasoning that is "detailed and on the record" explaining why the evidence is admissible. Id.

---

[3] Some cases add a requirement to the first prong of the test that the purpose is "at issue," though others have not incorporated this requirement. Compare United States v. Brown, 765 F.3d 278, 291 (3d Cir. 2014) (holding that evidence must "be offered for a proper non-propensity purpose that is at issue in the case"), and United States v. Caldwell, 760 F.3d 267, 277 (3d Cir. 2014) (holding that proponent of 404(b) evidence must "identify a proper 404(b) purpose for admission . . . that is 'at issue' in . . . the case"), with Davis, 726 F.3d at 441 (not listing the "at issue" requirement as an element of the test), United States v. Ciavarella, 716 F.3d 705, 728 (3d Cir. 2013) (same), and United States v. Smith, 725 F.3d 340, 344 (3d Cir. 2013) (same). The Supreme Court's decision in Huddleston v. United States, 485 U.S. 681 (1988), from which the four-part test is derived, does not contain the "at issue" provision. In any event, the case against Jackson was based on constructive possession and his intent to distribute the cocaine, so knowledge and intent were at issue, and any difference in the test is not dispositive here.

The District Court found that the challenged evidence went to the non-propensity purposes of showing Jackson's knowledge and intent, as well as assisting the jury in understanding the narrative of the facts leading up to the offenses for which Jackson was indicted. We have, in the past, upheld the introduction of evidence of past distribution as relevant to prove knowledge of the same or different drug in a later distribution trial. See United States v. Givan, 320 F.3d 452, 461 (3d Cir. 2003) ("The evidence that Givan had been convicted of distribution of cocaine makes Givan's knowledge of the presence of the heroin more probable than it would have been without the evidence."). We have also held that a defendant's "participation in a prior drug conspiracy is probative of his knowledge of, and relationship with a member of, a later drug conspiracy." United States v. Vega, 285 F.3d 256, 263 (3d Cir. 2002). And we have held that evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct. See United States v. Lee, 573 F.3d 155, 166–67 (3d Cir. 2009) (holding that prior drug trafficking conviction was admissible to prove intent to distribute).

Moreover, we have held that the Government has some latitude to introduce 404(b) evidence to "allow[] the jury to understand the circumstances surrounding the charged crime." Green, 617 F.3d at 247; see also United States v. O'Leary, 739 F.2d 135, 136 (3d Cir. 1984) (agreeing with the Government that the need "to show the background of the charges [and] the parties' familiarity with one another" were purposes under Rule 404(b) (quotation marks omitted)); United States v. Simmons, 679 F.2d 1042, 1050 (3d Cir. 1982) (concluding that providing the jury with "necessary background

8

information" was a proper purpose under Rule 404(b)). Jackson's strategy at trial was to suggest that the two testifying witnesses attempted to pin everything on him so as to limit their criminal exposure; the Government was entitled to explain the relationship that Jackson had with those witnesses to provide context to their testimony. Also, because the full amount of cocaine was never recovered, the Government was within its rights to explore the escalating quantities to provide circumstantial evidence that Jackson was dealing with a relatively large weight on this occasion.

Thus, we hold that the evidence was admitted for a proper purpose under Rule 404(b) and that it was relevant to that purpose. The District Court explained why the evidence was admissible on the record in a sufficiently thorough manner, both at the time of its ruling on the Rule 404(b) motion and, in a more detailed fashion, in its order denying Jackson's post-trial motions. Though undoubtedly prejudicial, the evidence's probative value was not "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. And, though it perhaps could have been clearer, the District Court gave a proper limiting instruction, both at the time of the testimony and in the final jury charge.

Finally, Jackson argues that some of the prosecutor's comments showed her personal belief about Jackson's guilt and impermissibly suggested the existence of the lengthy pretrial litigation history between Jackson and the Government to which the jury was not privy. Jackson did not contemporaneously object to the allegedly improper arguments and thus our review is for plain error. See Puckett, 556 U.S. at 135. Applying that standard, we affirm unless there is "(1) an error; (2) that is plain; (3) that affects

9

substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Tai, 750 F.3d 309, 313–14 (3d Cir. 2014). "Meeting all four prongs is difficult[.]" Puckett, 556 U.S. at 135. If an appellant meets the prongs, we may "in [our] discretion grant relief." United States v. Salahuddin, 765 F.3d 329, 337 (3d Cir. 2014) (quotation marks omitted).

Here, even assuming there was error, it was not plain. "The prosecutor is entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence." United States v. Werme, 939 F.2d 108, 117 (3d Cir. 1991). The prosecutor made statements such as "this man's a drug dealer. The evidence will show [that] he's a drug dealer." App. 476–77. The purpose of the opening and closing statements are, respectively, to outline what the evidence will show and has shown and argue for the inferences the Government wishes the jury to draw from that evidence. In a case where the Government has charged the defendant with drug distribution, the statements that the evidence will show that the defendant is a drug dealer do not cross the line into impermissibly stating the prosecutor's belief in the defendant's guilt, certainly not to the extent that the error is plain and seriously affected the fairness, integrity, or public reputation of the proceeding. See Puckett, 556 U.S. at 135. We therefore find this argument to be without merit.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.